UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:07CV-77-H

PAMELA MURPHY,
Administratrix of the Estate of
JAMES MURPHY, deceased                                                    PLAINTIFF

V.

LOUISVILLE GAS & ELECTRIC COMPANY
and
OPS PLUS, INC.                                                            DEFENDANTS

**MEMORANDUM OPINION**

      Plaintiff is the Administratrix of the Estate of John Murphy ("Murphy"), who was killed in a workplace accident at Defendant LG&E's Cane Run Generating Plant on April 13, 2005. At the time of the accident Murphy was an employee of the other Defendant, OPS Plus, Inc. ("OPS"), which was a subcontractor of LG&E. Both Defendants have moved to dismiss the complaint on the grounds that Kentucky's Workers Compensation statutory scheme provides Murphy's exclusive remedy against each of them. OPS's motion provides little difficulty. LG&E's motion, however, requires consideration of Kentucky's sometimes pesky "up the ladder" doctrine. The Court thoroughly discussed most of these issues with counsel. In the end, these motions can be decided upon well established principles of Kentucky law easily applied to these circumstances.

      Plaintiff originally filed this state law personal injury action in Indiana state court. Defendants removed to the United States District Court for the Southern District of Indiana

based upon diversity jurisdiction. There, Judge Sarah Barker determined that Kentucky substantive law should apply and, for that as well as other reasons, transferred the case to this Court. Under any circumstances, the location of the accident, the citizenship of Defendants and the centrality of the Kentucky Workers Compensation statute leave little doubt that Kentucky has the most significant relationship to the events, the claims and the parties. Consequently, without doubt, Judge Barker is correct that Kentucky law does apply.

Because OPS was Murphy's direct employer at the time of the accident, Plaintiff's remedy is limited to benefits under the Kentucky Workers Compensation Act. *See* KRS 342.690(1). In these circumstances, an employee may not recover in tort against his employer. *See id.* In particular circumstances, this statutory tort immunity extends beyond an employee's direct employer to include other "contractors" up the contractual ladder from the direct employer. *See* KRS. 342.690(1), 342.610(2). Kentucky courts have long recognized this "up the ladder" aspect of the Kentucky Workers Compensation immunity. *See Fireman's Fund Ins. Co. v. Sherman & Fletcher*, 705 S.W.2d 459 (Ky. 1986).

More specifically, "up the ladder" tort immunity is reserved for those contractors that have accepted potential workers compensation liability by contracting with a subcontractor "to have work performed of the kind which is a regular or recurrent part of the work of the trade, business, occupation or profession" of the contractor. KRS 342.610(2); *also see Franke v. Ford Motor Co.,* 398 F.Supp.2d 833, 839 (W.D. Ky. 2005); *Fireman's Fund*, 705 S.W.2d 459. A "contractor" that is potentially liable under KRS 342.610(2) for workers compensation benefits to the subcontractor's injured employee is entitled to full immunity as well from tort liability to that injured employee. *See Daniels v. Louisville Gas & Elec. Co.*, 933 S.W.2d 821 (Ky. App.

1996); *also see Thompson v. The Budd Company*, 199 F.3d 799 (6th Cir. 1999).

Determining the circumstances applicable to the "Up the Ladder" doctrine is typically a matter of fact and law for a court to conclude. The circumstances here fit solidly within the parameters of work which is a "regular or recurrent part" of LG&E's trade in business. The evidence shows without contradiction that LG&E regularly performs preventive maintenance on its substations, transformers and circuit breakers at the Cane Run plant. For that purpose, LG&E entered into a contract with OPS to provide employees on a regular basis to supplement its own maintenance personnel. The regular work of OPS's personnel and Murphy in particular performed was similar to that of LG&E's own personnel. The evidence is overwhelming on this issue and Plaintiff does not offer much argument to the contrary. Moreover, the Court's decision on this element of the doctrine is consistent with its many other cases construing this area of Kentucky law. *See Thompson,* 199 F.3d 799; *Granus v. North American Phillips Lighting Corp.*, 821 F.2d 1253 (6th Cir. 1987); *Franke*, 398 F.Supp.2d 833; *Smothers v. Tractor Supply Co.*, 104 F.Supp.2d 715 (W.D. Ky. 2000); *Sharp v. Ford Motor Co.*, 66 F.Supp.2d 867 (W.D. Ky. 1998).

The final issue for resolution here is whether LG&E has secured payment of workers compensation benefits for Murphy. Although Plaintiff puts great emphasis on this issue, the Court is quite certain that LG&E has secured these benefits in a manner that complies with Kentucky's statutes and cases. First, it contractually required OPS to provide workers compensation insurance for all employees working at LG&E. Second, LG&E maintained its approved status as a self-insured entity under Kentucky law. Under that law, it could not decline

workers compensation coverage for Murphy in these circumstances.[1]  Together, these measures secure the payment of appropriate benefits to one such as Murphy who was injured on the job site of his employer's contractor.  In fact, that is precisely what occurred here to the end that Murphy's estate received his workers compensation benefits.  This Court concludes also that LG&E's status as a certified self-insured cast no doubt whatsoever on his entitlement to the "up the ladder" designation.  *See Thompson*, 199 F.3d at 804 n. 1 (recognizing that self-insurance satisfies the requirements of KRS 342.340).

       The Court will enter an order consistent with this Memorandum Opinion.

cc:     Counsel of Record

---

[1] This conclusion is consistent with the very recent (though not yet final) decision of the Kentucky Supreme Court in *Cain v. Gen. Elec. Co.*, 2007 WL 2404448 (Ky. 2007) which held that "certificates of coverage or affidavits provided by the companies were sufficient to resolve the issue [of whether a company had secured payment pursuant to KRS 342.690(1)] as a matter of law." at *23.  Here, LG&E has provided the Court with a copy of a certificate from the Kentucky Office of Workers' Claims and there is no indication that LG&E's coverage was deficient as to Mr. Murphy.